UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PATRICIO CORPORAN, | ) CASE NO. 4:07CV3657 |
| Petitioner | ) JUDGE CHRISTOPHER A. BOYKO |
| -vs- | ) |
| FEDERAL BUREAU OF PRISONS, et al., | ) MEMORANDUM OF OPINION AND ORDER |
| Respondents. | ) |

On November 27, 2007, pro se petitioner Patricio Corporan filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 against the Federal Bureau of Prisons (BOP) and Warden Joseph Gonja at the of the Northeast Ohio Correctional Center (NEOCC). Mr. Corporan, who is incarcerated at the NEOCC, seeks the restoration of 27 days Good Conduct Time (GCT) he lost as a disciplinary sanction.

*Background*

Mr. Corporan was housed in the Federal Satellite Low (FSL) in Elkton, Ohio on January 1, 2007. He claims that on that date, he was standing in the bathroom of his housing unit waiting to use the latrine. Suddenly, he was doused with a bucket of hot water containing cooking oil that a fellow inmate, Garcia-Campino, had boiled in the microwave. Mr. Garcia-Campino then hit Mr. Corporan in the head with a sock containing a metal lock. Petitioner claims there were ten other native Colombian inmates who also attacked him. In response, he picked up a nearby broom handle and began to attack Messrs. Garcia-Campino and Gutierrez, who entered the fight after hitting Mr. Corporan in the back of the head.

Twelve days after the incident, Mr. Corporan was sanctioned with the loss of 27 days of GCT for using the broom stick handle to attack Messrs. Garcia-Campino and Gutierrez. It is Mr. Corporan's opinion that the sanction was excessive because he was not a threat or danger to anyone. Instead, he maintains that the warden and prison officials should never have let the inmates who beat him have access to a microwave, which allowed them to boil the oil and water to a degree that caused him first and second degree burns.

A detailed account of the events leading up to Mr. Corporan's charge is outlined in the Incident Report prepared on March 12, 2007 by the Disciplinary Hearing Officer (DHO) at F.C.I. Elkton. Petitioner was initially charged with possession of a weapon (Code 104) and fighting (Code 201). The DHO read aloud a description of the incident as set forth in Section 11 of the Report and advised petitioner of his rights. Mr. Corporan stated that after Mr. Garcia-Campino threw the hot liquid on him, he went to his cube and got a broom handle and struck Garcia-Campino with it. No witnesses were called, but photographs of the lock and sock with blood on it, the broken broom handle and sink with blood splattered on it were all presented. Ten officers also filed memos

regarding the incident. Based on the greater weight of evidence the DHO opted to drop the 104 code violation, but found petitioner guilty of Code 201, fighting. As sanctions, the DHO ordered 30 days of disciplinary segregation and the loss of 27 GCT. The report was delivered to Mr. Corporan on April 18, 2007.

It appears that Mr. Corporan attempted to exercise his administrative remedies by filing an appeal directly to the Northeast Regional Office of the Bureau of Prisons on April 23, 2007. The appeal was rejected and returned to petitioner on June 25, 2007, advising him to submit his appeal to the Administrator, Privatization Management Branch in Washington, D.C. A review of the Rejection Notice attached to the petition indicates Mr. Corporan annotated the Notice to dispute the BOP's recommendation. He asserted, in part: "This is a BOP matter. This is a DHO appeal from F.C.I. Elkton, OH when I was an inmate at F.C.I. Elkton and filed while I was still an inmate at F.C.I. Elkton, OH - BEFORE I was transferred by the BOP to a private prison with a BOP contract." (Rejection Notice from Adm. Reg. Coord. to Corporan of 6/25/07.) It appears he then resubmitted a Regional Administrative Remedy Appeal on June 28, 2007. The appeal was, again, rejected, but the basis for the decision rested partially on the fact that petitioner failed to provide the proper number of continuation pages with his appeal; namely, warden's level; regional level, and central office level.

Petitioner next submitted his appeal to the Central Office on August 13, 2007. The Central Office rejected the appeal on August 29, 2007, noting that his request for an appeal was submitted at the wrong level. There is no indication Mr. Corporan pursued his administrative remedies any further.

Mr. Corporan now asks this court to determine whether the "BOP was deliberat[ly]

indifferent by virtue of taken [sic] 27 day [s] Good conduct time from the petitioner." (Pet. at 4.) attacks. He would like the court to "dismiss, reverse, and vacate the Federal Bureau of prisons/warden/BOP's unreasonable Disciplinary Sanctions against him, and credited [sic] the 27 days Good Conduct Time to his (54) days GTC of his sentenced [sic] which he has earned." (Pet.at5.)

*28 U.S.C. § 2241*

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge the execution or manner in which a sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). Here, the petitioner has properly filed his request for habeas relief in this court, as it has personal jurisdiction over his custodian. The substance of his petition fails, however, as a matter of law.

*Loss of Good Time Credits*

When a prisoner faces the loss of good time credits, due process requires that a prisoner receive the following hearing rights: 1) written notice of the hearing at least twenty-four hours in advance; 2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and 3) a written statement by the factfinder of the evidence relied on and the reason for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). In addition, some evidence must exist to support the disciplinary conviction. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455-56 (1985).

A review of the record reflects that petitioner received more than twenty-four hours

notice of the charges against him prior to his hearing. Moreover, he was advised of his right to be present during the hearing, to call witnesses, and to appeal. The record also reflects that Mr. Corporan was provided a written statement of the evidence relied on and the reasons for the disciplinary action. Finally, Mr. Corporan merely challenges the DHO's decision as "unreasonable"; he does not dispute that there was sufficient evidence to support the disciplinary conviction.

It is not the role of federal courts to assess credibility or weigh the evidence when reviewing a disciplinary conviction. A disciplinary action should be upheld if it is supported by "some evidence." Superintendent, Mass. Correctional Inst., Walpole v. Hill, 472 U.S. at 455-56. This standard is satisfied where "there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. In Superintendent v. Hill, the Supreme Court held that:

> [a]ssuming that good time credits constitute a protected liberty interest, the revocation of such credits must be supported by some evidence in order to satisfy the minimum requirements of procedural due process .... [a]scertaining whether the "some evidence" standard is satisfied does not require examination of the entire record, independent assessment of witnesses' credibility, or weighing of the evidence, but, instead, the relevant question is whether there is any evidence in the record to support the disciplinary board's conclusion.

Id. at 454-55. Therefore, even assuming this were a due process challenge, a district court has no authority to review a disciplinary committee's resolution of factual disputes. Id. at 455. A review of a decision of a prison disciplinary board does not involve a redetermination of an inmate's innocence or guilt. A district court merely ensures that a disciplinary decision is not arbitrary and does have evidentiary support. Id. at 457. The only question is whether the DHO had "some evidence" to ensure fairness and justify his amended findings.

5

In this matter, there was more than "some evidence" that the petitioner was fighting. He, in fact, admitted as much, but claims he was justified in his actions. Because this reflects a simple disagreement with the DHO's decision and sanction of the loss of 27 days of GTC, the petitioner fails to state a legitimate Fifth Amendment claim.

With regard to the reasonableness of the sanction, it appears the DHO acted within the parameters of the regulations. Petitioner was charged with a Code 201 violation which is classified as a High Category offense. As such, under Table 3 of the "Prohibited acts and disciplinary severity scale" petitioner would be subject to the following sanctions if found in violation of the code:

>   201  Fighting with another person    B.  Forfeit earned statutory good time or non-vested good conduct time up to 50% or up to 60 days, whichever is less, and/or terminate or disallow extra good time (an extra good time or good conduct time sanction may not be suspended).

28 C.F.R. § 541.13(TABLE 3- High Category). The regulations provide that a prisoner could be sanctioned with the loss of up to 60 days; thus, it is clear that Mr. Corporan's loss of 27 days of good time credits was well within the permissible range of punishment provided by regulation. Therefore, he cannot sustain any argument that the DHO acted unreasonably when he imposed that sanction.

Accordingly, because Mr. Corporan has not shown that the DHO's decision was arbitrary or unreasonable, as he sanctioned petitioner within the regulatory range, he has failed to establish any grounds on which he is entitled to relief. Therefore, this action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this

decision could not be taken in good faith.

       IT IS SO ORDERED.


                                                  s/Christopher A. Boyko
                                                  CHRISTOPHER A. BOYKO
                                                  UNITED STATES DISTRICT JUDGE

February 5, 2008