UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

PATRICIO CORPORAN,              )   CASE NO.  4:07CV3657
                                )
                                )
       Petitioner               )   JUDGE CHRISTOPHER A. BOYKO
                                )
-vs-                            )
                                )
FEDERAL BUREAU OF PRISONS, et al., ) ORDER
                                )
                                )
       Respondents.             )

      Before the court is pro se petitioner Patricio Corporan's "Motion for Rehearing and Consideration," filed February 26, 2008.  On February 5, 2008, this court dismissed Mr. Corporan's habeas corpus petition.  He now asserts that "several matural [sic] facts were not pro se attached to his Petition, which has [sic] overlooked." (Mot. at 1.)

      In the Sixth Circuit, a motion for reconsideration is construed as a Federal Civil Rule 59(e) Motion to Alter or Amend Judgment. Moody v. Pepsi-Cola Metro. Bottling Co., 915 F.2d 201, 206 (6th Cir. 1990).  As such, petitioner was required to file his motion within 10 days from the

February 5, 2008 date of judgment he seeks to alter. FED. R. CIV. P. 59(e). Consistent with the provisions set forth in Rule 6 of the Federal Civil Rules, Mr. Corporan's motion was filed beyond the 10 day deadline from this court's judgment. Accordingly, his pleading is dismissed as an untimely Motion to Alter or Amend.

Where a party's Rule 59 motion is not filed within the mandatory 10-day period, it is appropriate for a court to consider the motion as a motion pursuant to Rule 60 for relief from judgment. Feathers v. Chevron U.S.A., Inc., 141 F.3d 264-68(6th Cir. 1998). A Rule 60(b) motion may be granted only for certain specified reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Id. at 268 (quoting FED.R.CIV.P. 60(b)). Mr. Corporan argues that he is entitled to relief, but he does not articulate a specific basis upon which that relief should be granted. As such, the court will address his challenges under Rule 60(b)(6).

*Petitioner's Reasons Justifying Relief*

As a threshold matter, Mr. Corporan misstates the basis upon which this court dismissed his petition. He claims, "[t]he Court rules that the Petitioner failed to provide the proper number of continuation pages with his appeal; namely, warden's level; regional level, and central office level." (Mot. at 1-2.) While this court noted that Mr. Corporan's attempt to fully exhaust his

2

administrative remedies was aborted because he did not provide copies of his continuation sheets, this was not the basis upon which the court denied his petition.

Mr. Corporan's attempt to demonstrate exhaustion of his administrative claims after the dismissal of his petition is an insufficient basis upon which to alter or amend the court's judgment. See Curry v. Scott, 249 F.3d 493, 504 (6th Cir. 2001)(district court did not abuse its discretion within the meaning of Rule 60(b) when it refused to consider evidence of exhaustion not proffered until after the court rendered its decision). Exhaustion, however, was not the basis upon which this court dismissed his petition. The petition was dismissed on the merits for failing to set forth a valid claim that Mr. Corporan was denied due process during his disciplinary hearing. Therefore, his attachment of witness statements and his written request to his Case Manager to file continuation pages do not cure the deficiencies in his original pleading.

The balance of Mr. Corporan's motion does not address any of the issues upon which this court based its dismissal of his petition. This court determined that the disciplinary hearing officer's decision should be upheld because it was supported by "some evidence" and that "[i]t is not the role of federal courts to assess credibility or weigh the evidence when reviewing a disciplinary conviction." (Mem. Op. of 2/5/08 at 5.) Subsection (b)(6) of Rule 60 is properly invoked only in "unusual and extreme situations where principles of equity mandate relief." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir.1990). Mr. Corporan's pleading does not satisfy that standard.

Based on the foregoing, petitioner's "Motion for Rehearing and Consideration," pursuant to Rule 59(e) is dismissed as untimely and denied on the merits as a Rule 60(b) motion. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not

be taken in good faith.

        IT IS SO ORDERED.

                         S/Christopher A. Boyko
                         CHRISTOPHER A. BOYKO
                         UNITED STATES DISTRICT JUDGE

March 28, 2008